IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CR355 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE MATA-SOTO, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      This matter is before the Court on defendant's motion to correct sentence under 28 U.S.C. § 2255 (Filing No. 65) and on the motion to withdraw as attorney (Filing No. 68) filed by David R. Stickman and the Office of the Federal Public Defender. That Office was appointed to represent defendant to determine whether he would qualify for federal habeas relief under *Johnson v. United States*, 135 S.Ct. 2552 (2015).

      Rule 4(b) of the rules that govern § 2255 proceedings requires an initial review of the defendant's motion. If it appears the moving party is not entitled to relief, the Judge must dismiss the motion.

      Defendant entered a plea of guilty to two counts of the superseding indictment. On May 30, 2014, the Court sentenced defendant to 180 months on Count I and to 60 months on Count II, said sentences to run concurrently. On October 29, 2015, defendant's sentence was reduced to 168 months pursuant to

18 U.S.C. § 3582(c)(2). A subsequent 28 U.S.C. § 2255 motion was denied as defendant had received all reductions to which he was entitled.

The Federal Public Defender has reviewed this case and determined that defendant had no prior conviction that was used to enhance his sentence. The *Johnson* decision has no application to his case. The motion to withdraw will be granted, and defendant's motion to correct sentence will be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 14th day of September, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court