IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE MATA-SOTO,<br><br>Defendant. | **8:12CR355**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant Jose Mata-Soto's ("Mata-Soto") Motion for Compassionate Release (Filing No. 90). The motion seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). Also before the Court is Mata-Soto's Motion to Appoint Counsel (Filing No. 91). For the reasons stated below, Mata-Soto's motions are denied.

## I.     BACKGROUND

Mata-Soto pleaded guilty to Count I (possession with intent to deliver 50 grams or more of actual methamphetamine) and Count II (use of a firearm in furtherance of a drug trafficking crime) of the Superseding Indictment on March 7, 2013 (Filing No. 33). On May 31, 2013, and based on the nature of his offense and criminal history, he was sentenced to 180 months on Count I and 60 months consecutive on Count II, followed by 5 years of supervised release on each count, to run concurrently (Filing No. 47). He did not appeal.

On October 29, 2015, his sentence on Count I was reduced to 168 months due to a retroactive reduction in the Sentencing Guidelines (Filing No. 59). He did not appeal from the Amended Judgment, although he filed several motions pursuant to 28 U.S.C. § 2255, all of which have been denied on the merits or as second and successive. The Eighth Circuit

has not authorized Mata-Soto's requests to file a second or successive motion under § 2255. Mata-Soto now moves for compassionate release under § 3582(c)(1)(A).

## II.     DISCUSSION

As amended by the First Step Act, § 3582(c)(1)(A)(i) permits Mata-Soto to move for a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of his facility, whichever is earlier." The evidence now shows that Mata-Soto submitted a request for compassionate release to the warden at his facility. His request was denied in January 2022. More than thirty days have passed since he submitted his request. Accordingly, the Court turns to whether Mata-Soto has demonstrated extraordinary and compelling reasons for compassionate release under the circumstances of this case.

In deciding whether to grant a reduction, the Court must consider the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id.*

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure any relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The first application note to § 1B1.13[1] lists four general categories of qualifying

_____

[1]This policy statement predates the First Step Act and does not govern the Court's review of Mata-Soto's request for a sentence reduction. The Court nonetheless finds it

circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3; *see also United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Even accepting all of Mata-Soto's factual allegations as true, the Court concludes that he has not shown an extraordinary and compelling reason for a reduction of his sentence or his release from custody. Mata-Soto acknowledges that he has recovered from a prior COVID-19 infection, and he is fully vaccinated. He argues his underlying medical conditions expose him to a severe risk of a second infection with one of the new COVID-19 variants. Mata-Soto alleges his medical conditions include a history of smoking, high cholesterol, diabetes, and obesity.[2]

---

helpful in deciding whether to reduce his sentence. *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

[2]Mata-Soto first argues that COVID-19 poses a particular threat to him because he has a Body Mass Index ("BMI") of 31, making him clinically obese. Filing No. 90 at 6. Courts have recognized that the risks associated with COVID-19 and obesity depend on the severity of the defendant's obesity. *See United States v. Wright*, No. 17-CR-0301, 2020 WL 7334412, at *3 (D. Minn. Dec. 14, 2020) (noting that the more severe the underlying medical condition, the greater the risk for severe illness from COVID-19); *United States v. Perkins*, No. 14-cr-104-LM-1, 2020 WL 4783558, at *4 (D.N.H. Aug. 18, 2020) (citing recent scientific studies and observing that "the higher a person's BMI is, the greater the risk that COVID-19 will prove fatal for that person"). With a BMI of 31, Mata-Soto is "slightly obese" which courts have held to be insufficient to justify release. *United States v. McAbee*, No. 4:14-CR-40027, 2020 WL 5231439, at *3 (D.S.D. Sept. 2, 2020), *aff'd*, No. 20-2885, 2020 WL 8813969 (8th Cir. Sept. 15, 2020); *see also United States v. Milchin*, 2020 WL 4475902, at *1 (E.D. Pa. Aug. 4, 2020) (finding defendant's "slight obesity," BMI of 30.5, and elevated cholesterol did not justify early release).

While the Court does not minimize Mata-Soto's health issues, there is no indication that the BOP could not care for him should he be reinfected.  To the contrary, the evidence shows the BOP has provided thorough and regular care to Mata-Soto.  Moreover, he has successfully recovered from COVID-19 and several courts have declined to grant compassionate release based on fears about reinfection.  *See*, *e.g.*, *United States v. Anguiano*, No. CR 17-135, 2021 WL 1577650, at *4 (D. Minn. Apr. 22, 2021), *aff'd*, No. 21-2104, 2021 WL 5365216 (8th Cir. May 19, 2021); *United States v. Billings*, No. 19-cr-99, 2020 WL 4705285, at *5 (D. Colo. Aug. 13, 2020).  Mata-Soto's successful recovery suggests the BOP is able to meet his medical needs and provide adequate care if he were reinfected.

Further, even if Mata-Soto is at greater risk of severe illness, his risk of severe illness is significantly lower because he has been fully vaccinated against the COVID-19 virus. The CDC reported that "COVID-19 vaccines are effective at preventing infection, serious illness, and death" and also protect against "disease caused by variants circulating in the U.S."[3]  Although some vaccine breakthrough infections can occur, the CDC states that "[e]ven when fully vaccinated people develop symptoms, they tend to be less severe symptoms than in unvaccinated people. This means they are much less likely to be hospitalized or die than people who are not vaccinated."[4]   Though studies on the effectiveness of the COVID-19 vaccines are ongoing, many courts—including this one— have concluded that the vaccines mitigate the risks of COVID-19 for purposes of compassionate-release motions.[5]

---

[3]*The Possibility of Breakthrough Infections After Vaccination: Breakthrough Infections*, Centers for Disease Control and Prevention (updated December 17, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html.

[4]*Id.*

[5]*See, e.g.*, *United States v. Perez*, No. CR 16-154(4) ADM/BRT, 2022 WL 911563, at *2 (D. Minn. Mar. 29, 2022); *United States v. Howell*, No. CR 14-303, 2022 WL 37435, at *3 (D. Minn. Jan. 4, 2022); *United States v. Lukowski*, No. 8:19CR15, 2021 WL 5882345, at *3 (D. Neb. Dec. 13, 2021); *United States, v. Kirk*, No. CR 19-213 ADM/HB,

Mata-Soto's medical records show he is receiving regular care for his medical conditions.    Moreover, because Mata-Soto has been fully vaccinated, his risk is significantly lower than it would have been.  The relatively small risk that he could develop serious complications is too tenuous to warrant release.  Based on the current evidence before the Court and the available scientific evidence of the effectiveness of the vaccine, Mata-Soto has not shown extraordinary or compelling reasons for compassionate release.

Additionally, considering the relevant factors set out in 18 U.S.C. § 3553(a), compassionate release is inappropriate.  Mata-Soto had a significant criminal history and was convicted of multiple serious crimes.  The Court finds that the balance of the relevant § 3553(a) factors and surrounding circumstances weigh against release.  Accordingly, Mata-Soto's motion (Filing No. 90) and motion to appoint counsel (Filing No. 91) are denied.

IT IS SO ORDERED.

Dated this 26th day of April 2022.

---

2021 WL 4690862, at *3 (D. Minn. Oct. 7, 2021) ("Any risk of Kirk becoming infected and seriously ill from COVID-19 has been substantially reduced because he is now fully vaccinated.");*United States v. Zirkelbach*, No. 13-CR-1001, 2021 WL 3609299, at *5 (N.D. Iowa Aug. 11, 2021) ("[B]ecause the information currently available to the Court shows that vaccination significantly diminishes the risk COVID-19 poses, even to those who are more vulnerable absent the vaccine, the Court gives minimal weight to the threat COVID-19 poses to defendant after becoming fully vaccinated."); *United States v. Peel*, No. 14-cr-00192, 2021 WL 2875658, at *3 (E.D. Cal. July 8, 2021) (denying relief to elderly inmate suffering from hypertension, chronic obstructive pulmonary disease, benign hypertrophy of prostate, chronic viral hepatitis C, and malignant neoplasm of prostate, because he received vaccine); *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *3 (M.D. Pa. Mar. 11, 2021) (denying release for inmate with obesity and Type II diabetes because inmate received both doses of the Moderna vaccine).

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge