IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JOSE MATA-SOTO,<br><br>        Defendant. | **8:12CR355**<br><br>**MEMORANDUM**<br>**AND ORDER** |

This matter is before the Court on defendant Jose Mata-Soto's ("Mata-Soto") *pro se* Motion for Appointment of Counsel (Filing No. 107). He seeks counsel to assist him in a motion to reduce sentence under 18 U.S.C. § 3582(c)(2).

Mata-Soto plead guilty to possession of intent to distribute 50 grams or more of actual methamphetamine and use of a firearm in furtherance of a drug-trafficking crime in March of 2013. On May 30, 2013, he was sentenced to 180 months on the drug count and 60 months consecutive on the firearms count to be followed by 5 years of supervised release. There was no appeal.

On October 29, 2015, his sentence was reduced to 168 months due to a retroactive reduction in the United States Sentencing Guidelines ("Sentencing Guidelines") (Filing No. 59). While he did not appeal from that Amended Judgment, he did file several motions under 28 U.S.C. § 2255, all of which have been denied. Mata-Soto also filed a Motion to Reduce Sentence on November 13, 2023 (Filing No. 102) seeking relief based on a guideline range he believed was lowered. That motion was denied (Filing No. 106).

In the present motion, Mata-Soto seeks appointment of counsel "Due to the several proposed Amendments and changes pursuant to Schedule II controlled substances, "methamphetamine", 21 USC § 841(a)(1)." As noted above, Mata-Soto did have his sentence reduced in October of 2015 due to a retroactive reduction in the Sentencing

Guidelines and a second motion seeking similar relief was denied.  The Court finds that there are no other guideline changes which would affect Mata-Soto's sentence.

To the extent he refers to relief under the U.S.S.G. § 1B1.13(c) where a change in the law has not been made retroactive and cannot be considered for the purpose of determining shall "not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."  That provision may only be considered for purposes of determining the extent of any such reduction where other extraordinary and compelling reasons exist.  That is not the case here.

With respect to the request for appointment of counsel, there is no Sixth Amendment or statutory right to "appointed counsel during sentencing modification proceedings" under § 3582(c).  *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009).  Appointing counsel in these types of cases is discretionary.  *Id.*  In exercise of that discretion a Court is required to decide whether appointing an attorney will serve the interest of justice, benefit the Court and the parties, and effectively use public resources and limited judicial resources.  *Id.*; *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008).  Here Mata-Soto makes a generalized request for appointment of counsel to assist him in formulating his arguments, many of which have been previously advanced and rejected.  The Court will not appoint counsel under these circumstances.  Moto-Soto's motion (Filing No. 107) is denied.

IT IS SO ORDERED.

Dated this 8th day of June 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge